UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GWENDOLYN HODGES,

       Plaintiff,

v.                                                              Case No. 08-11108
                                                                Hon. Sean F. Cox

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

       Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to state court and

Defendant's Motion to Dismiss. Both parties have briefed the issues and a hearing was held

May 29, 2008. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and

**GRANTS** Defendant's Motion to Dismiss.

### I.    BACKGROUND

This action arises out of tax collection efforts against Plaintiff, Gwendolyn Hodges. On

October 20, 2007, Plaintiff received a Notice of Deficiency from the Internal Revenue Service

("IRS"), indicating that she had not properly paid taxes for the years 2002 through 2006.

On February 8, 2008, Plaintiff filed an action Wayne County Circuit Court. Plaintiff's

Complaint apparently alleges that IRS violated the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, et seq. Plaintiff requests an injunction requiring the IRS to cease

and desist, and declaratory relief declaring that the IRS's actions are fraudulent in nature.

On March 13, 2008, the IRS removed that action to this Court. The IRS also filed a Motion to Dismiss the action on March 19, 2008. On April 10, 2008, Plaintiff filed a Motion for Remand back to the Wayne County Circuit Court. Plaintiff also filed a Response to the Motion to Dismiss on May 8, 2008.

## II.    STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

## III.    ANALYSIS

### A.    Motion to Remand

When a plaintiff brings an action in state court, under certain circumstances, the defendant may remove the action to federal court. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residences of the parties." 28 U.S.C. § 1441 (b). Further, any civil action brought against the United States or

any agency thereof may be removed by them to federal district court.  28 U.S.C. § 1442 (a)(1).

Plaintiff's Motion to remand does not offer any basis on which to remand the action. Plaintiff's claim of violation of the FDCPA arises under the laws of the United States.  See 28 U.S.C. § 1441 (b).  Additionally, Plaintiff's action is brought against a United States agency. See 28 U.S.C. § 1442 (a)(1).  Plaintiff's only argument at the hearing was that she had not received a signed order from the state court transferring the action.  Such an order is not required, the state court does not have to approve of the removal to federal court under 28 U.S.C. §§ 1441, 1442.

Accordingly, Plaintiff's Motion for Remand is denied.

**B.      Motion to Dismiss**

The IRS contends that Plaintiff's action should be dismissed because the only relief she seeks is an injunction against the IRS to prevent it from continuing its tax collecting obligation until it provides certain documents.  The IRS argues this Court is without authority to issue such relief.

There are instances in which this Court can grant an injunction against the IRS.  See 26 U.S.C. § 7421.  However, Plaintiff does not allege that any of these circumstances apply here. The Court is without authority to enjoin the IRS from collecting taxes in this case.  Further, Plaintiff failed to exhaust her administrative remedies:

> A taxpayer who wishes to challenge an alleged deficiency must file a petition for redetermination in the tax court.  26 U.S.C. § 6213.  Alternatively, the taxpayer may pay the assessment and seek a refund through administrative channels.  After exhausting administrative remedies, the taxpayer may file a complaint in federal district court.  26 U.S.C. § 7422.  Because [the plaintiff] did not exhaust administrative remedies, the district court lacks subject matter jurisdiction to review his claims.

*Purk v. United States*, 895 F.2d 1414, *1 (6th Cir. 1990)(table).

Accordingly, Defendant's Motion to Dismiss is granted.

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and

**GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**


**S/ Sean F. Cox**
**United States District Judge**


**Date:  June 30, 2008**

**I hereby certify that on June 30, 2008, a copy of the foregoing document was served upon
counsel of record by electronic means and by First Class Mail upon:**

**Gwendolyn Hodges**
**23935 Outer Drive Apt. E09**
**Melvindale, MI 48122**


S/ Jennifer Hernandez
Case Manager